SUMMARY ORDER

Petitioner Yuan Qi Chen, a native and citizen of the People’s Republic of China, seeks review of a September 5, 2008 order of the BIA affirming the December 4, 2007 *65 decision of Immigration Judge (“IJ”) Brigitte Laforest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yuan Qi Chen, No. A 200 115 171 (B.I.A. Sept. 5, 2008), aff'g No. A 200 115 171 (Immig. Ct. N.Y. City Dec. 4, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court reviews the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the amendments made to the Immigration and Nationality Act made by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
This Court has held that “a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence.” See Siewe v. Gonzales, 480 F.3d 160, 170-71 (2d Cir.2007) (finding that “even ancillary evidence sometimes supports” the application of falsus in uno, falsus in omnibus (false in one thing, false in everything)). We have further held that “a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner” and that “where an IJ’s finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence.” Id. at 170.
Substantial evidence supports the IJ’s adverse credibility determination in this case because it was based on Chen’s admission that: (1) he knowingly lied to the IJ regarding the injury that allegedly prompted him to begin practicing Falun Gong; (2) he asked his father to lie in his statement concerning the injury; and (3) he knowingly lied to his aunt and a doctor who had examined him about the injury in order to have them submit evidence corroborating his false testimony. The IJ’s conclusion that those falsehoods undermined Chen’s credibility was a proper application of falsus in uno. See id.
Because the only evidence that Chen was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief.[2] See Paul v. Gonzales, 444 F.3d *66 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. In his brief, Chen refers to a family planning claim. However, he made no such claim before the agency. His arguments in this respect are, therefore, unexhausted. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 124 (2d Cir.2007). We decline Chen’s request to remand his case for the agency to consider additional evidence and hear additional testimony. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269 (2d Cir.2007).